IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN PAVEL,

    Plaintiff,

v.                                                                                 Civil Action No. 3:08-CV-117

MICHAEL J. ASTRUE,
Commissioner of Social Security ,

    Defendant.

## REPORT AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED AND PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL BE DENIED

On July 25, 2008, Shawn Pavel filed a Complaint seeking judicial review of Defendant's denial of his application for Social Security benefits pursuant to 42 U.S.C. § 405(g).[1] On February 3, 2009, Defendant filed a Motion to Dismiss for lack of jurisdiction.[2] On February 17, 2009, Plaintiff filed a Response to Motion and Motion for Appointment of Counsel.[3]

The Court recommends that Defendant's Motion to Dismiss be **GRANTED** for lack of jurisdiction and Plaintiff's Motion for Appointment of Counsel be **DENIED** because federal courts to not generally appoint counsel in civil cases.

A.     Discussion

1.     Motion to Dismiss

---

[1] Doc. No. 1.

[2] Doc. No. 17.

[3] Doc. No. 19.

1

Commissioner argues that the Appeals Council has not rendered a decision on Plaintiff's request for review of the ALJ's decision.  Therefore, Commissioner maintains, because there has been no final decision on Plaintiff's request for review of the ALJ's March 19, 2008 decision, the Plaintiff has not exhausted his administrative remedies and as a result, this Court is without subject matter jurisdiction.  Commissioner urges the Court to dismiss the action.

It is well settled that a Social Security disability applicant must first exhaust his administrative remedies to afford a federal district court subject matter jurisdiction to review the decision.  See Griffin v. Astrue, 2008 WL 5052016 (10th Cir. Colo.).  Furthermore, Congress has explicitly stated that judicial review of claims arising under the Social Security Act is permitted only in accordance with 42 U.S.C. § 405(g), which provides, in relevant part:

> Any individual, *after any final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such a decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  (*emphasis added*).

The Supreme Court has even acknowledged the general rule that parties "[e]xhaustion is required" before a party may seek relief from the federal courts.  McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992).

The term "final decision" is undefined in the Act and the issue before this Court is whether a final decision has been reached by the Commissioner.  The meaning "is left to the [Commissioner] to flesh out by regulation."  Weinberger v. Salfi, 442 U.S. 759, 766 (1975).  The Commissioner's regulations specifically state that, "[a] claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review."  20 C.F.R. § 422.210.

Plaintiff filed a request for Appeals Council review of the ALJ's March 19, 2008 decision and on October 6, 2008, the Appeals Council granted Plaintiff an additional 25 days to submit evidence. As of this date, the Appeals Council has not rendered a decision on Plaintiff's request for review. Therefore, Plaintiff has not exhausted his administrative remedies and obtained a decision worthy of judicial review.

Because Plaintiff has not exhausted the administrative process, this Court recommends the Complaint be dismissed for lack of jurisdiction.

2.  Motion for Appointment of Counsel

In his response, Plaintiff asks this Court to appoint him an attorney.

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 405. Thus, the court must look to the more general authority of 28 U.S.C. § 1915(e)(1) which provides that in IFP proceedings, the "court may request an attorney to represent any person unable to afford counsel." This provision does not, however, empower federal courts to make compulsory appointments. Mallard v. United States District Court for the Southern District, 109 S. Ct. 1814 (1989). Furthermore, such requests are generally only made where "exceptional circumstances are present." See Robbins v. Maggio, 750 F.2d 405 (5th Cir. 1985).

While no precise definition of "exceptional circumstances" is available, the courts often consider the following factors when determining whether to appoint counsel:

1.  the type and complexity of the case;

2.  the petitioner's ability to adequately present and investigate her case;

3.  the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and

4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

See Parker v. Carpenter, 978 F.2d 190 (5th Cir. 1992) (citing Murphy v. Kellar, 950 F.2d at 293, n. 14); see also Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) and Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989).

Additionally, the court can consider whether the plaintiff has demonstrated the inability to secure private counsel on her own behalf. See Jackson, 864 F.2d at 1242; Ulmer, 691 F.2d at 213.

Applying the foregoing factors, the Court observes that the instant case is a social security appeal, which by nature is not unduly complex. Even if the case were to proceed, it would be decided by the Court based upon the existing administrative record. Skill in the presentation of evidence and in cross-examination is not a requirement. Moreover, a trial will not be held. Furthermore, there is nothing in the Plaintiff's motion to indicate he has contacted any lawyers in relation to this case. The Undersigned cannot conclude that the Plaintiff attempted to retain counsel. Finally, most plaintiffs in social security cases experience little or no difficulty in obtaining representation once sought. The Equal Access to Justice Act, 28 U.S.C. § 2412, *et. seq*., provides for the recovery of attorney fees to a prevailing plaintiff. This assures payment to the attorney if the claim is successful.

For the foregoing reasons, the Court recommends that the motion for appointment of counsel should be denied at the present time because the Plaintiff has not demonstrated "exceptional circumstances" which would warrant the appointment of counsel.

B.  Decision

For the foregoing reasons, the Court recommends Defendant's Motion to Dismiss be

**GRANTED** and Plaintiff's Motion for the Appointment of Counsel be **DENIED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: February 26, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE